UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ALBERT L. WILLIS AND
PAULINE WILLIS

VERSUS

THE UNITED STATES OF AMERICA,
ET AL

CIVIL ACTION

NUMBER 11-708-BAJ-SCR

**RULING ON MOTION TO STRIKE DEFENDANTS' ANSWER**

Before the court is the plaintiffs' Motion to Strike Defendants' Insufficient and Immaterial Answers to Plaintiffs' Complaint. Record document number 14. The motion is opposed.[1]

Rule 8(b), Fed.R.Civ.P., permits a party to respond to the allegations in a complaint with a general or a specific denial, or by admitting that some are true and denying others. Denials must be made in good faith. Rule 8(b)(3) and (4). Rule 12(f), Fed.R.Civ.P., provides, in relevant part, as follows: "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

In their answer, defendants United States of America and the Secretary of the United States Department of Homeland Security asserted five specific defenses.[2] Plaintiffs' motion does not explain how any of the first four defenses is insufficient, as a

---

[1] Record document number 16.

[2] Record document number 13, pp. 2-3.

matter of fact or law. Defendants' Fifth Defense simply asserts that factual allegations in the plaintiffs' complaint which are not expressly admitted are denied. Defendants' answer does not contain any "redundant, immaterial, impertinent, or scandalous matter."

Plaintiffs' Complaint named as defendants both federal agencies and individuals, and alleged numerous specific facts. In their answer the defendants admitted some of the plaintiffs' allegations and specifically or generally denied others.

The answer is intended to give a plaintiff notice of the facts which will need to be established by proof; it is not intended to carry a plaintiff's burden of proof. When knowledge of a specific fact cannot be ascertained with modest effort, and within the time a party has to answer, a denial based on lack of sufficient knowledge or information is appropriate.[3]

Plaintiffs have not shown that the Secretary of the United States Department of Homeland Security has first-hand knowledge of sufficient information, or other information upon which she reasonably could form a personal belief, concerning the truth of the plaintiffs' allegations which were denied. Defendants denials, both general and specific, are sufficient under Rule 8(b), Fed.R.Civ.P.

Accordingly, plaintiffs' Motion to Strike Defendants'

---

[3] See Wright & Miller, *Federal Practice and Procedure: Civil 3d*, §§ 1261, 1262.

Insufficient and Immaterial Answers to Plaintiffs' Complaint is denied.

Baton Rouge, Louisiana, March 8, 2012.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE