UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ALBERT L. WILLIS, ET AL

VERSUS

THE UNITED STATES OF AMERICA, ET AL

CIVIL ACTION

NO. 11-708-BAJ-SCR

## RULING

This matter is before the Court on a Rule 12(b)(6) motion by all defendants to dismiss all claims except those asserted against Janet Napolitano, Secretary of the United States Department of Homeland Security (doc. 22). Plaintiffs, Albert L. Willis and Pauline Willis, oppose the motion and urge the Court to strike the motion pursuant to Federal Rule of Civil Procedure 12(f) (doc. 29).

In support of the motion, defendants note that this "is the second action that Plaintiffs have brought against Defendants on the same alleged core facts" (doc. 22, p. 1 (citing Civil Action No. 11-100-BAJ-SCR)).[1] Defendants further assert that the Court in the previous action concluded that plaintiff's claims were grounded in Title VII only and they note that "[u]nder the provisions of Title VII, the only proper defendant is the head of the agency- in this case, the Secretary" (doc. 22-1, p. 3).

Plaintiffs argue that the present motion "does not address the factual allegations newly drafted with specificity and particularity and set forth in the instant complaint which includes new facts" (doc. 29-1, p. 4). The Court's review of the

---

[1] The claims asserted in the previous matter were dismissed without prejudice for plaintiffs' failure to exhaust administrative remedies (11-CV-100-BAJ-SCR, docs. 36, 37).

complaint *sub judice* does reveal more factual allegations than were presented in the previous action, and the Court notes that plaintiffs now seek damages of $25,000,000.00 rather than damages of $700,000.00. Nonetheless, the damages claimed in the present complaint, like the damages claimed in the previous complaint, all arise from allegations of gender and race discrimination. As the Court noted in the previous action, "[t]itle VII "provides the exclusive judicial remedy for claims of discrimination in federal employment. *Brown v. Federal Services Administration*, 425 U.S. 820, 835, 96 S.Ct. 1961, 48 L.Ed.2d 492 (1976)" (11-CV-100-BAJ-SCR, doc. 36, p. 2).

"Under Title VII . . . the proper defendant is 'the head of the department, agency, or unit, as appropriate." *Honeycutt v. Long,* 861 F.2d 1346, 1349 (5th Cir. 1988) (quoting, 42 U.S.C. § 2000e-16(c)). *See also, Ackel v. National Communications, Inc.,* 339 F.3d 376, 381, n. 1 (5th Cir. 2003) (citing, *Smith v. Amedisys,* 298 F.3d, at 228-29 (citing, *Indest v. Freeman Decorating, Inc.*, 262 (5th Cir. 1999) ("[i]ndividuals are not liable under Title VII in either their individual or official capacities"))).

Accordingly, the Court finds merit in the defendants' motion to dismiss and finds no merit insofar as plaintiffs seek to have the Court strike defendants' motion pursuant to Federal Rule of Civil Procedure 12(f).[2]

---

[2] Federal Rule of Civil Procedure 12(f) provides, in pertinent part, that "[t]he court may strike from a pleading an insufficient defense or any redundant immaterial, impertinent, or scandalous matter."

## CONCLUSION

For all of the foregoing reasons, the motion by all defendants to dismiss all claims except those asserted against defendant, Janet Napolitano, Secretary of the United States Department of Homeland Security, (doc. 22) is **GRANTED**, and **IT IS ORDERED** that all claims asserted in this matter against defendants, The United States of America, The Department of Homeland Security, The Federal Emergency Management Agency, Libby Turner, Ann Charlton, Smitty Bell, Kurtis Melnick, and U.S. Attorney General Eric Holder, Jr., are hereby **DISMISSED**.

Baton Rouge, Louisiana, May 14, 2012.

_____
BRIAN A. JACKSON
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA