UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ALBERT WILLIS, ET AL.

VERSUS

UNITED STATES OF AMERICA, ET AL.

CIVIL ACTION

NUMBER 11-708-BAJ-SCR

## RULING ON PLAINTIFFS' MOTIONS TO COMPEL

Before the court is a Motion to Compel Discovery Pursuant to Fed.R.Civ.P. 37 filed by plaintiffs Albert Willis and Pauline Willis. Record document number 38. Also before the court is Plaintiffs' Second Motion to Compel Discovery Pursuant to Fed.R.Civ.P. 37. Record document number 40. These motions are opposed.[1]

Plaintiffs filed this suit alleging that the United Stats Department of Homeland Security ("DHS") and the Federal Emergency Management Agency ("FEMA") committed acts of discrimination against plaintiff Albert Willis in violation of Title VII, 42 U.S.C. § 2000e, et seq., while he was employed at the Baton Rouge Temporary Recovery Office ("BRTRO"). Plaintiffs alleged that Albert Willis' supervisor(s) at the BRTRO implemented a system which allowed the retention of white and/or female employees rather than black male

---

[1] Record document numbers 39 and 41, respectively. Plaintiffs filed a reply. Record document number 44.

employees during a rightsizing of the office.[2]  Hereafter, this ruling refers only to plaintiff Albert Willis.

In his first motion to compel discovery the plaintiff asserted that defendant Janet Napolitano, Secretary of the United States Department of Homeland Security, failed to timely respond to the First Request for Production propounded on May 17, 2012 or provide any responses to their Second Set of Discovery Requests propounded on June 29, 2012.  Defendant argued that the plaintiff's motion should be denied because (1) the responses were provided on September 6 and 7, 2012 and (2) the plaintiff failed to comply with the Rule 37(a)(1) conference requirement.

Because the responses have been produced, the plaintiff's motion is moot.  However, under Rule 37(a)(5)(a), Fed.R.Civ.P., a party whose conduct necessitated the motion is liable for the movant's reasonable costs if the requested discovery is provided after the motion is filed, unless (1) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action, (2) the opposing party's nondisclosure, response, or objection was reasonably justified, or (3) other circumstances make an award of expenses unjust.

---

[2] Plaintiffs' causes of action under other laws have been dismissed.  Record document number 32, Ruling.  Plaintiffs moved for reconsideration of the Ruling.  Record document number 33.  That motion is pending.  Defendant moved to dismiss plaintiff Pauline Willis' Title VII claim.  Record document number 36.  That motion is also pending.

2

A review of the record shows that the plaintiff's attorney initially contacted the defendant's attorney about the untimely responses on July 31, 2012,[3] who promptly responded and stated that the responses would be forthcoming.[4] The record does not indicate that the plaintiff's attorney contacted or attempted to contact the defendant's attorney again before filing this motion. Given the amount of time that passed between the plaintiffs' initial contact and the filing of their motion, the Court finds that the plaintiffs did not make a good faith effort to resolve the discovery issues prior to filing this motion. Thus, an award of reasonable costs is not warranted.

Plaintiff's second motion to compel involves the plaintiffs' Second Request for Production Documents. Request for Production Nos. 1, 2, 3, 7, 8, 9, 10, 11, 12, and 13 sought production of employment and complaint records involving 42 named current or former FEMA employees and other unidentified persons listed in specific organizational charts.[5] Plaintiff argued that these discovery requests will aid in determining which employees are similarly situated to, and whether they were treated differently

---

[3] Record document number 40-6, Exhibit E.

[4] *Id.,* Exhibit F.

[5] Record document number 40-5, Exhibit D.

than, the plaintiff.[6]

Defendant objected to the production of these records and argued that the plaintiff's requests are vague, over-broad and not likely to lead to the discovery of admissible evidence.[7] In opposition to the plaintiff's motion, the defendant initially argued that the plaintiff's attorney failed to satisfy the Rule 37(a)(1) conference requirement. Because the motion is denied on the merits, failure to satisfy the Rule 37 requirement is inconsequential.

Defendant argued that the plaintiff's requests concerning the 40-plus employees is over-reaching because he has not demonstrated that these individuals were similarly situated employees or that their particular circumstance were factually parallel to his. Defendant argued that some of the documents/records requested

---

[6] To establish a prima facie case of discrimination, the plaintiff must demonstrate that he is: (1) a member of a protected class; (2) qualified for the position; (3) subject to an adverse employment action; and (4) treated differently from others "similarly situated." *Jones v. Wal-Mart Stores, Inc.*, 306 Fed.Appx. 81, 83 (5th Cir. 2009). An employee is considered "similarly situated" if he or she worked under "nearly identical" circumstances. *Id.*, *citing*, *Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 514 (5th Cir. 2001). Other claims of discrimination against an employer have been found relevant to a discrimination claim if limited to the (a) same form of discrimination, (b) the same department or agency where plaintiff worked, and (c) a reasonable time before and after the discrimination occurred. *Marchese v. Secretary, Dept. of the Interior*, 2004 WL 2297465, 2 (E.D.La. Oct. 12, 2004), *citing*, *Mitchell v. National R.R. Passenger Corp.*, 208 F.R.D. 455, 460 (D.D.C. Sept. 3, 2002).

[7] Record document number 40-11, Exhibit J.

4

contain information protected under the Privacy Act. Defendant also noted that she has produced the job descriptions and other employment related documents for five of the identified FEMA employees who held the same of similar job as the plaintiff and who were right-sized at the same time.

Plaintiff has not demonstrated that the documents and employment records related to the remaining employees identified in the discovery requests are relevant because he has not shown - or even asserted a specific factual basis to believe - that these individuals were similarly situated.[8] Plaintiff's conclusory allegation that the files could have information concerning similarly situated employees is not enough to outweigh the defendant's burden in producing such extensive and sensitive documents. Plaintiff is not entitled to conduct a fishing expedition based on no more than speculation that there may have been other employees who were was similarly situated and were treated differently.[9]

---

[8] Plaintiff alleged in the Complaint that was employed with FEMA for four years. Record document number 1, ¶ III. Plaintiff should be able, even without discovery, to identify the employees who he believes were similarly situated and explain the factual basis for his belief, e.g. their job duties and work hours were the same or similar to his, they had the same supervisors. Plaintiff identified some employees and information about them was provided. Failing to identify other employees supports the conclusion that the information in the other personnel files is not reasonably calculated to lead the discovery of admissible evidence.

[9] Plaintiff cited the Freedom of Information Act ("FOIA")in
(continued...)

Case 3:11-cv-00708-BAJ-SCR   Document 45   11/09/12   Page 5 of 7

The remaining contested requests for production involved production the rules, regulations, and policies of the DHS, FEMA, and the BRTRO. Plaintiff argued that this information will show the framework designed to coordinate the day-to-day operations of the BRTRO, which will in turn provide insight into the workplace environment and expectations placed on the employees. Defendant asserted that all of the relevant policies and regulations that are responsive to the request have been produced. Defendant also argued that certain policies or regulations described by the plaintiffs do not exist and thus cannot be produced.

A review of Request for Production Nos. 4, 5, and 6 showed that the plaintiff has essentially requested every administrative protocol document developed for the BRTRO. These requests are extremely overbroad and not tailored to the specific issues presented in this case. In light of the defendant's prior production of relevant responsive documents, the plaintiff's failure to identify any specific missing document related his position is fatal to the request for a supplemental production.

Under Rule 37(a)(5)(B), if a motion to compel discovery is denied, the court must require the moving party or its attorney or both to pay the party who opposed the motion its reasonable expenses incurred in opposing the motion unless the motion was

---

[9](...continued)
his reply memorandum. How FOIA applies to the contested requests for production of documents is not explained.

substantially justified or other circumstances make an award of expenses unjust.

Plaintiffs' second motion was not substantially justified. The discovery requests at issue were overbroad and unreasonable. Defendant did not submit anything to establish a specific amount of expenses incurred in opposing motion. A review of the motion papers supports finding that an award of $300.00 is reasonable.

Accordingly, Motion to Compel Discovery Pursuant to Fed.R.Civ.P. 37 is denied as moot. Because the plaintiff's attorney failed to satisfy the Rule 37(a)(1) conference requirement, an award of costs is not warranted under Rule 37(a)(5)(a). Plaintiffs' Second Motion to Compel Discovery Pursuant to Fed.R.Civ.P. 37. is also denied. Pursuant to Rule 37(a)(5)(B), the plaintiffs shall pay to the defendant, within 14 days, reasonable expenses in the amount of $300.00.

Baton Rouge, Louisiana, November 9, 2012.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE