UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ALBERT L. WILLIS, ET AL.

VERSUS

UNITED STATES OF AMERICA,
ET AL.

CIVIL ACTION

NO. 11-708-BAJ-SCR

MAGISTRATE RIEDLINGER

**RULING AND ORDER**

This matter is before the Court on a motion (doc. 33) by Plaintiffs, Albert L. Willis and Pauline Willis (Plaintiffs), for reconsideration of the Court's Ruling on a Motion to Dismiss entered on May 14, 2012 (doc. 32).[1] Plaintiffs have also filed an Objection to the Ruling on the grounds that it dismissed their *Bivens* Claims (doc. 34). Defendants, United States of America, Secretary Janet Napolitano, et al. (Defendants), have filed an Opposition (doc. 35) to Plaintiffs' Motion for Reconsideration and Objection. In ruling on Defendants' Motion to Dismiss, the Court held that: (1) the damages claimed in the present complaint all arise from allegations of gender and race discrimination, which are actionable exclusively under Title VII; (2) under Title VII, the proper defendant is the head of the department, or secretary in this case; and (3) all claims against Defendants are dismissed except those asserted against Defendant, Janet Napolitano, Secretary

---

[1] While Plaintiffs reference a ruling entered on March 14, 2012, no such ruling was filed into the record on that date.

of the United States Department of Homeland Security. For the reasons set forth in this ruling, the Motion for Reconsideration is denied.

The Court further grants Defendant's, Janet Napolitano, Secretary of the United States Department of Homeland Security, Motion to Dismiss (doc. 36) Plaintiff Pauline Willis' Title VII Claim for the factual and legal conclusions set forth in this ruling.

## Facts

Plaintiffs filed the current complaint on October 20, 2011, asserting each of their claims including claims under Title VII.[2] Plaintiffs originally brought claims arising under 42 U.S.C. § 2000e, 42 U.S.C. § 1985, 42 U.S.C. § 1981, Amendments 10 and 14 of the United States Constitution, Article 1 sections 2, 3, 4, and 12 of the Constitution of the State of Louisiana, and Louisiana Civil Code Articles 2315 and 2320. Defendants filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) (doc. 22). The Court granted Defendants' motion dismissing all but the Title VII claims (doc. 32). Plaintiffs filed a Motion for Reconsideration on the grounds that: (1) Title VII does not adequately address the extent of the damage sustained by Plaintiffs; and (2) adequate compensation cannot be sought under the statutory cap on damages set under Title VII (doc. 33).

---

[2] The claims asserted in the previous matter were dismissed without prejudice for Plaintiffs' failure to exhaust administrative remedies (11-cv-100-BAJ-SCR, docs. 36, 37). Defendants asserted, in their Motion to Dismiss, that this is the second action that "Plaintiffs have brought against Defendants on the same alleged core facts (11-cv-708-BAJ-SCR, doc. 22, at 1)."

2

## Analysis

### I. Grounds for Reconsideration

The Fifth Circuit recognizes that a motion to reconsider a dispositive pre-trial motion, including a motion to dismiss, is analogous to a motion to "alter or amend the judgment" under Rule 59(e) of the Federal Rules of Civil Procedure or a motion for "relief from judgment" under Rule 60(b) (when filed ten days beyond the order's issuance, which Plaintiffs have done).[3] [4] *Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167, 173 (5th Cir.1990); *Charles L.M. v. Northeast Indep. School Dist.,* 884 F.2d 869 (5th Cir.1989).

As with Rule 59(e), whether relief is warranted under Rule 60(b) is a determination addressed to the sound discretion of the district judge. However, the Rule 60(b) motion is controlled by more exacting substantive requirements than the Rule 59(e) motion. *Lavespere,* 910 F.2d at 174. Rule 60(b) provides for relief only upon a showing of one of the following: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation or other misconduct of an adverse party; (4) the judgment is void, e.g. due to the court's lack of subject matter jurisdiction; (5) the judgment

---

[3] While Plaintiffs move the Court to reconsider its prior ruling pursuant to Rule 59 (e), the motion is properly brought under Rule 60 (b) as per the instructions of the Fifth Circuit. This Court's ruling was issued on May 24, 2012 and the current motion to reconsider was filed on June 11, 2012, putting it beyond the 10 day filing requirement for Rule 59 recognized by the Fifth Circuit. Nevertheless, the Court notes that, even under the Rule 59 standard which requires that to succeed on a motion for reconsideration, a party must "clearly establish either a manifest error of law or fact or must present newly discovered evidence" Plaintiffs' arguments fail. Rule 59; *Kelly v. Bayou Fleet, Inc.,* No. 06-6871, 2007 WL 3275200, at *1 (E.D.La. Nov. 6, 2007). As noted throughout this ruling, Plaintiffs use their Motion for Reconsideration to rehash the same arguments already posed.

[4] The Court disregards Plaintiffs' use of Federal Rules of Civil Procedure Rule 46 in their Objection (doc. 34). Rule 46 does not apply in pre-trial motions practice.

3

Case 3:11-cv-00708-BAJ-SCR   Document 50   02/07/13   Page 3 of 6

has been satisfied, released or discharged; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b).

## II. Dismissal of Claims Not Arising Under Title VII

Plaintiffs seek reconsideration on the grounds that Title VII does not adequately address the extent of the damage sustained by Plaintiffs. However, Plaintiffs make no arguments for relief that would satisfy any prong of Rule 60(b) and Plaintiffs' arguments are largely restricted to contentions on matters the Court has already considered. As previously noted, a review of the complaint demonstrates that the factual allegations set forth in the complaint bear only on claims of discrimination arising from Plaintiff Albert Willis' Federal employment. Further, Defendants assert, and the Court agrees, that Plaintiffs' claims of race and gender discrimination in the workplace are not legally cognizable as *Bivens* claims.[5] Because a review of Plaintiffs' motion does not reveal any circumstance that would bring their claim within the ambit of Rule 60(b), the thrust of Plaintiffs' motion fails and the Motion for Reconsideration must be denied.

## III. Defendant's Motion to Dismiss Plaintiff Pauline Willis' Title VII Claim

Due to the factual and legal conclusions set forth in this ruling, the Court grants Defendant's (Secretary Janet Napolitano) Motion to Dismiss Plaintiff Pauline Willis' Title VII Claim (doc. 36). The Court's prior ruling dismisses all

---

[5] In *Bivens*, the Supreme Court held that a petitioner is entitled to recover money damages for any injuries he has suffered as a result of Federal agents' violations of his Fourth Amendment rights. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397, 91 S. Ct. 1999, 2005, 29 L. Ed. 2d 619 (1971). Plaintiffs fail to show how *Bivens* is controlling in this discrimination case.

claims not arising under Title VII, which leaves Plaintiffs' Title VII claim as the only remaining claim to be adjudicated. Defendant asserts, and the Court agrees, that because Plaintiff Pauline Willis is not, and has never been, an employee of the United States or any of its agencies, she is not a proper party plaintiff under Title VII and her claim therefore must be dismissed.[6]

---

[6] The Court is not persuaded by Plaintiffs' reliance on Justice Scalia's concurrence in the *Ricci* case. *Ricci v. DeStefano*, 557 U.S. 557, 576-94, 129 S. Ct. 2658, 2672-82, 174 L. Ed. 2d 490 (2009) (holding that the city improperly discarded fire fighter examinations to achieve a more desirable racial distribution of promotion-eligible candidates, since there was no strong basis in evidence that the examinations were deficient and that discarding the examinations was necessary to avoid disparate impact). While the Fourteenth Amendment was discussed in *Ricci*, the Supreme Court principally asserted that certain government actions to remedy past racial discrimination—actions that are themselves based on race—are constitutional only where there is a "strong basis in evidence" that the remedial actions were necessary. *Ricci*, 557 U.S. at 582, (citations omitted). This Court has already dismissed Plaintiffs' Fourteenth Amendment claims, and Plaintiffs fail to cite a case where their Fourteenth Amendment arguments are supported.

## Conclusion

Accordingly, the Court concludes that the factual allegations set forth in Plaintiffs' complaint bear only on claims of discrimination arising from Plaintiff Albert Willis' Federal employment and reaffirms its Ruling on the Motion to Dismiss dated May 14, 2012 (doc. 32).

For the foregoing reasons, the Motion for Reconsideration of the Court's Ruling on the Motion to Dismiss (doc. 33) filed by Plaintiff is hereby **DENIED**. The Court **GRANTS** Defendant's (Secretary Janet Napolitano) Motion to Dismiss Plaintiff Pauline Willis' Title VII Claim (doc. 36) due to the factual and legal conclusions set forth in this ruling. The Title VII claims asserted by Pauline Willis are hereby dismissed with prejudice.

Baton Rouge, Louisiana, February 6, 2013

BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA