UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ALBERT L. WILLIS, ET AL.                                    CIVIL ACTION

VERSUS

THE UNITED STATES OF AMERICA,                               NO.: 11-00708-BAJ-SCR
ET AL.

## RULING AND ORDER

Before the Court is a **Motion Requesting Reconsideration of Motion to Strike Defendant's Motion for Summary Judgment Filed Out of Time (Doc. 58)**, filed by Plaintiff Albert L. Willis[1] ("Willis"), seeking an order from this Court reversing its previous order, which denied Willis's Motion to Strike Motion for Summary Judgment Filed Out of Time (Doc. 52). (Doc. 56.)

Also before the Court is a **Motion for Extension of Time to Answer Defendant's Motion for Summary Judgment (Doc. 57)**, filed by Willis, seeking an order from this Court granting him an additional thirty days to file his memorandum in opposition to Defendant's Motion for Summary Judgement (Doc. 51).

---

[1] Plaintiff Pauline Willis's claims were dismissed on February 7, 2013. *See* Doc. 50. Thus, she is no longer a party to this litigation.

When, as here, a party's motion to reconsider concerns an order that did not dispose of all the claims or parties, the motion is governed by Federal Rule of Civil Procedure ("Rule") 54(b).

Rule 54(b) permits the Court to revise an interlocutory order "at any time before entry of judgment adjudicating all of the claims and all the parties' rights and liabilities." Fed.R.Civ.P. 54(b); *Livingston Downs v. Jefferson Downs*, 259 F.Supp.2d 471, 474-75 (M.D. La. 2002) (citing *Zapata Gulf Marine, Corp. v. Puerto Rico Maritime Shipping Authority*, 925 F.2d 812, 815 (5th Cir. 1991)). District courts have considerable discretion in deciding whether to reconsider an interlocutory order. *Id.* at 475. However, motions for reconsideration based upon the same arguments previously submitted merely waste the limited time and resources of the Court. *Van Heerden v. Bd. of Sup'rs of La. State Univ. and Agricultural and Mechanical College*, No. 10-155-JJB, 2010 U.S. Dist. LEXIS 61062, at *4, 2010 WL 2545746, at *1 (M.D. La. June 21, 2010). Further, courts generally decline to consider arguments raised for the first time on reconsideration without adequate justification. *McClung v. Gautreaux*, No. 11-263, 2011 U.S. Dist. LEXIS 103114, at *3, 2011 WL 4062387, at *1 (M.D. La. Sept. 13, 2011).

In support of his motion to reconsider, Willis argues that Defendant Janet Napolitano ("Napolitano") failed to respond to his requests for production of documents related to: (1) employees who he contends were similarly situated to him; and (2) the Baton Rouge Temporary Recovery Office rules. Willis contends that he

2

"cannot adequately defend the attacks false [*sic*] or otherwise made against [Plaintiff's] claims" without these documents.[2] (Doc. 58, p.3.) Accordingly, Willis requests the Court: (1) reverse its prior ruling and strike Defendant's Motion for Summary Judgement; or in the alternative, (2) require Napolitano to respond to his discovery requests; and (3) grant him an additional thirty days to review Napolitano's discovery responses and draft his memorandum in opposition to Defendant's Motion for Summary Judgment.

The Court first notes that Willis filed a motion to compel related to the above-mentioned requests for production of documents on September 28, 2012. (Doc. 40.) Napolitano opposed the motion. (Docs. 41.) After considering Willis's requests for production, Napolitano's objections, and the parties' submissions to the Court, the assigned United States Magistrate Judge sustained Napolitano's objections, denied Willis's motion to compel, and ordered Willis to pay Napolitano $300.00 in discovery sanctions, pursuant to Rule 37(a)(5)(B). (Doc. 45.)

Subsequently, Willis filed: (1) a document entitled, "Rule 72 Objection to Magistrate Judge's Ruling on Discovery"; (2) a motion entitled, "Motion Seeking Relief From Order Pursuant to Fed.R.Civ.P. 60"; and (3) a motion requesting a stay pending the Court's ruling on his Motion Seeking Relief From Order. (Docs. 46, 47,

---

[2]Willis further argues that the Affidavit of Libby Turner ("Turner") (Doc. 51-3), which was filed by Napolitano in support of her Motion for Summary Judgment, should not be considered by this Court because it "add[s] nothing." (Doc. 58, p. 3.) Willis fails to state, however, why Turner's affidavit is relevant to the Court's reconsideration of its prior ruling and order denying his Motion to Strike Motion for Summary Judgment Filed Out of Time.

3

48.) Four days later, Willis's Motion Seeking Relief From Order was denied by the Magistrate Judge.[3] (Doc. 49.)

Willis did not appeal the Magistrate Judge's order, as permitted by Local Rule 74.1(A).[4] Thus, he cannot now request that the Court reverse the Magistrate Judge's order, overrule Napolitano's objections to his requests for production of documents, and require Napolitano to produce the requested documents.

In sum, the Court finds that Willis's stated reason does not warrant reconsideration of the Court's previous ruling and order. Therefore, Willis's request that the Court reverse its prior ruling and strike Defendant's Motion for Summary Judgment on this basis is denied. Similarly, Willis's request that the Court require Napolitano to respond to his discovery requests, and grant him an additional thirty days to review Napolitano's discovery responses is denied.

In support of his request for an extension of time, Willis contends that Napolitano has "agreed to extend the time" to July 17, 2013 "if the Court grants [Plaintiff's] requests for discovery [and] additional time . . ." (Doc. 58, p. 4.) Counsel

---

[3]The record does not reflect that Willis's Motion Requesting Stay Pending Determination of Motion Seeking Relief From Order Pursuant to Fed.R.Civ.P. 60 (Doc. 48) was ruled on by the Magistrate Judge or by the undersigned. However, the record is clear that Willis's Motion Seeking Relief From Order was denied by the Magistrate Judge within four days of his request. (Doc. 49.) Thus, his request for a stay is moot.

[4]Although Willis filed an "objection" to the Magistrate Judge's original order denying Willis's motion to compel, the Local Rules of the United States District Court for the Middle District of Louisiana do not permit such. Rather, the Local Rules state that a party may **appeal** a Magistrate Judge's order. See L.R. 74.1(A). Indeed, the filing of an objection only relates to a Magistrate Judge's proposed findings, recommendations, or report, not a Magistrate Judge's order. See L.R. 74.1(B).

Case 3:11-cv-00708-BAJ-SCR   Document 59   06/18/13   Page 4 of 6

for Willis further states that the timing of the Court's [order] "was unexpected and counsel had taken on a new employment opportunity with a law firm, and the requirements of the legal representation of the cases acquired in this new venture have not allowed counsel to prepare an adequate response . . . " (Doc. 57, p. 1.)

The Court finds Willis's stated reasons for a thirty-day extension of time to be insufficient. The Court further doubts that counsel for Napolitano implicitly consented to producing documents to Willis, or agreed that Willis should be given an extension of time if Napolitano is ordered to produce the requested documents. However, because the Court has broad discretion in the management of its docket, the Court will grant Willis a twenty-one extension.

Accordingly,

**IT IS ORDERED** that Plaintiff Albert L. Willis's **Motion Requesting Reconsideration of Motion to Strike Defendant's Motion for Summary Judgment Filed Out of Time (Doc. 58)** is **DENIED**.

**IT IS FURTHER ORDERED** that Willis's **Motion for Extension of Time to Answer Defendant's Motion for Summary Judgment (Doc. 57) is GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that Willis shall file his memorandum in opposition to Defendant's Motion for Summary Judgement (Doc. 51) **no later than July 8, 2013**. No further request(s) for an extension of time will be granted.

**IT IS FURTHER ORDERED** that Willis's **Motion Requesting Stay Pending Determination of Motion Seeking Relief From Order Pursuant to Fed.R.Civ.P. 60 (Doc. 48)** is **DENIED AS MOOT**.

Baton Rouge, Louisiana, this 18th day of June, 2013.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**